UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TREMAIN L. GRAHAM and TRELLIS M. HORTON,

                Plaintiffs,

- against -

THE PEOPLE OF THE STATE OF NEW YORK; THE PEOPLE OF THE CITY OF NEW YORK; DEPARTMENT OF CORRECTIONS (CITY OF NEW YORK); EMPIRE BAIL BONDS; RIKERS ISLAND CORRECTIONAL FACILITY; POLICE OFFICER ROXANNE MORALES-CHEN, Shield # 30657; and POLICE OFFICER DANIEL LUDEMANN, Shield # 10721,

                Defendants.

-----------------------------------------------------------X

**ORDER**
**09-CV-1635 (JG)(LB)**

**BLOOM, United States Magistrate Judge:**

The Court held a status conference on November 10, 2009 and set February 12, 2010 as the deadline for the parties to complete all discovery. Any request to file a second amended complaint, including any request to join other parties, shall be made by December 8, 2009. Fed. R. Civ. P. 16(b)(3)(A).

Discovery is the process by which the parties request information from each other regarding their claims or defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiffs may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since February 12, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Copies of all requests and responses should be kept; plaintiffs should

never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiffs wish to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiffs may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiffs have requested materials and defendants have not responded within thirty days, plaintiffs must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider it. Fed. R. Civ. P. 5.

Defendants shall contact Judge Gleeson to request a pre-motion conference by March 12, 2010 if they intend to move for summary judgment.

SO ORDERED

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 10, 2009
      Brooklyn, New York